PERFECT CIGAR SHAPER CO. v. DOYLE et al.

(Circuit Court, E. D. Pennsylvania. January 19, 1900.)

No. 45.

PATENTS—INFRINGEMENT—CIGAR SHAPERS.

The Ogden patent, No. 530,794, for a cigar mold, consisting of a body and a cap, so formed as to engage with each other, and to be retained in connection by the friction of the parts, *held* valid and infringed.

In Equity.

This was a suit in equity for an infringement of a patent. On final hearing.

Charles N. Butler and Frank P. Prichard, for complainant.

George C. Hazleton, Jr., for respondents.

McPHERSON, District Judge. This bill is filed to restrain the alleged infringement of letters patent No. 530,794 and No. 587,600, both of which are owned by the plaintiff. The first-named patent has the following claims:

"(1) A cigar bunch mold consisting of a tapering tubular body and a reversely tapering tubular cap, both of nonabsorbent material, one of said parts having at its large end a projecting flange serving to guide the other part into place, and to retain the same by friction thereupon, substantially as specified.

"(2) A cigar bunch mold consisting of a tapering tubular body and a reversely tapering tubular cap, one of said parts having at its large end a projecting flange serving to guide the other part into place, and to retain the same by friction thereupon, substantially as specified."

The third claim of the other patent is as follows:

"(3) A cigar shaper consisting of a tubular body and a tubular cap, said body and cap each having a beveled rim, one rim being adapted to engage with the other, the inner contour of the body and of the cap being continuities of each other."

I do not think it necessary to determine the validity of the third claim of No. 587,600, nor to decide whether or not the cigar shaper manufactured by the defendants infringes that claim. I am of opinion, however, that these shapers are a clear infringement of the two claims of No. 530,794, and nothing further need now be decided. Before the plaintiff's first patent was granted, no satisfactory cigar shaper had been invented. The makers of cigars recognized that such a shaper was much to be desired, and it was evident that a large supply could readily find a market. Other devices had previously been put into more or less extensive operation, but none of them had been successful at all points. None of them disclosed a mold or shaper such as No. 530,794 discloses, namely, a body and a cap so formed as to engage with each other, and to be retained in connection by the friction of the parts. This is the essence of the plaintiff's invention, and it was not anticipated by any patent that has been brought to our notice. It is therefore a valid invention, and, if it has been infringed by the defendant, the conclusion must follow that the plaintiff is entitled upon this patent to the decree sought.

In support of the denial of infringement, the defendants set up a patent granted to them, No. 585,348, under which they claim to be

manufacturing the shapers complained of. It is not necessary to decide whether shapers manufactured under this patent would infringe the plaintiff's patent No. 530,794; for an inspection of the shapers manufactured and sold by the defendants makes it plain that they are not made under their own patent. The essential feature of their shaper is that the mouths, both of the body and of the cap, shall be flared; while the mouths of the shapers that they have been making and selling are not flared at all, but, on the contrary, are either straight or slightly inclined inwards. There is some confusion in the testimony, caused by the failure of some witnesses to use words in their precise meaning. It will be found that some of the witnesses speak of a "flared" end or edge, when they really mean an end or edge that has been "reamed" or "beveled." If this is borne in mind, the apparent conflict in part of the testimony will be at once removed; or, if the testimony is read with the exhibits in hand, the meaning of the particular word used will be at once perceived.

A decree may be drawn in accordance with this opinion, providing for an injunction and the usual accounting.